IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ABBY BAGGETT, *et al.*,           *

    Plaintiffs,               *

vs.                              *

                                       CASE NO. 4:18-CV-168 (CDL)

DANIEL B. GREGORY, *et al.*,      *

    Defendants.               *

O R D E R

The Court previously granted Plaintiffs' motion to remand this action to the Superior Court of Muscogee County based on grounds contained in 28 U.S.C. § 1447(c). Presently pending before the Court is Defendants' motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) (ECF No. 24). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)). Defendants contend that the Court erred in determining that the action should be remanded based on a procedural defect—untimeliness under the one-year rule of 28 U.S.C. § 1446(c)(1)—because Plaintiffs did not raise a procedural defect in their motion to remand. Rather, Plaintiffs argued in their motion to remand that the Court does

not have subject matter jurisdiction because there is not complete diversity among the parties. The Court did not address this issue in its prior order because it concluded that removal was untimely.

The Court is now convinced that it should not have remanded based on a procedural defect since Plaintiffs did not raise a procedural defect in their motion to remand. A district court may remand based on a procedural defect not raised in a plaintiff's motion to remand if the motion raised a different procedural defect and thus "prompted" the district court to issue a remand order based on a procedural defect. *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1210 (11th Cir. 2003). But, a panel of the Eleventh Circuit has concluded that a district court could not remand based on a procedural defect that it raised *sua sponte* if the district court was not prompted by a "procedural defect" motion to remand. *Hill v. Nat'l Ins. Underwriters, Inc.*, 641 F. App'x 899, 906 (11th Cir. 2016) (per curiam). The Court's *sua sponte* remand based on a procedural defect not raised in Plaintiffs' motion to remand is inconsistent with the panel ruling in *Hill*. Although *Hill,* as an unpublished opinion, does not constitute binding precedent, the Court finds it prudent to be persuaded by it. Accordingly, the Court vacates its previous order based upon procedural

2

defect and reexamines remand based upon Plaintiffs' stated reasons in support of remand.

Plaintiffs argue that even if the Court should not have remanded the action based on a procedural defect that it raised *sua sponte*, the Court should decline to alter or amend the judgment because there is a separate basis for remand that Plaintiffs *did* raise in their motion for remand: lack of subject matter jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "If a case is removed to federal court based on diversity jurisdiction, the federal district court must remand the case back to state court if complete diversity between the parties does not exist." *Kimball v. Better Bus. Bureau of W. Fla.*, 613 F. App'x 821, 822 (11th Cir. 2015) (per curiam).

Complete diversity does not exist in this case because Matthew Wallin is a non-diverse defendant: he, like Plaintiffs, is a Georgia citizen. Therefore, remand is presumptively required. "However, if a defendant shows that 'there is no possibility the plaintiff can establish a cause of action against [a non-diverse] defendant,' then the plaintiff is said to have fraudulently joined the non-diverse defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007)

3

(quoting *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). "In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.* "The removing party must prove the fraudulent joinder doctrine's applicability by clear and convincing evidence." *Kimball*, 613 F. App'x at 823. This burden is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)).

Defendants argue that federal jurisdiction is proper because Matthew Wallin, the only non-diverse defendant in the case, was fraudulently joined. In determining whether Wallin was fraudulently joined, the Court must look to "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 871 (11th Cir. 2015) (per curiam) (quoting *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005)) (emphasis omitted). "In broad terms, the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for summary judgment." *Id.* "All questions of fact are resolved in the plaintiff's favor." *Id.* "But there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* (quoting *Legg*, 428 F.3d at 1323). "When the defendant submits affidavits

4

containing statements that "are undisputed by the Plaintiff[], the court cannot then resolve the facts in the Plaintiff['s] favor based solely on the unsupported allegations in the Plaintiff['s] complaint." *Id.* (quoting *Legg*, 428 F.3d at 1323) (alterations in original). "Rather, the plaintiff generally must come forward with some evidence to dispute the sworn statements in the affidavit." *Id.*

In this case, Plaintiff Abby Baggett was badly injured when a car she was riding in was struck by a truck on February 21, 2017. Plaintiffs allege that Matthew Wallin and Matthew Seepe had a partnership called MTM Trans and that Wallin co-owned the truck that caused the wreck. 1st Am. Compl. ¶¶ 4, ECF No. 1-7 at 104. Plaintiffs further allege that the driver was an employee or agent of Wallin and that Wallin entrusted the truck to the driver. *Id.* ¶¶ 42-45, ECF No. 1-7 at 111-112. Defendants rely upon two affidavits to rebut these allegations. First, Defendants point to Wallin's affidavit. According to Wallin, he did have a partnership with Matthew Seepe called MTM Trans, but it ended by 2008. Wallin Aff. ¶ 9, ECF No. 1-8. Wallin further asserts that he did not have an ownership interest in the truck or trailer that caused the wreck and that he did not hire the driver or entrust the vehicle to him. *Id.* Second, Defendants pointed to the affidavit of Matthew Seepe,

5

which states that Wallin has not been involved in MTM Trans since 2008. Seepe Aff. ¶ 2, ECF No. 1-9.

Defendants argue that based on this evidence, it is undisputed that Wallin did not own the truck or hire the driver.[1] In response, Plaintiffs pointed to the declarations page of the insurance policy for the truck that caused the wreck. Pls.' Mot. to Remand Ex. A, Declarations Page, ECF No. 16-2. According to the declarations page, Wallin was a named insured on the truck's insurance policy that was in effect on the date of the wreck. *Id.* (listing "Matthew Wallin & Matthew Seepe" of "MTM Trans" as the named insured). Wallin and Seepe stated in their affidavits that they did not know why Wallin was listed as a named insured on the policy. Seepe Aff. ¶ 2, Wallin Aff. ¶ 9. But they both state that he had no ownership interest in the truck. Plaintiffs did not point to any evidence that the declarations page, standing alone, establishes a genuine fact dispute on ownership of the truck. Specifically, Plaintiffs did not point to evidence that the policy required the named insured to hold title to the insured vehicle. Plaintiffs also did not point to any authority suggesting that being a named insured on an insurance policy's declarations page creates a factual dispute on whether that named insured owns an insured vehicle.

---

[1] In addition, Defendants point out that Plaintiffs released Wallin from this action, except to the extent that other insurance may be available to cover the claim. Defs.' Resp. to Pls.' Mot. to Remand Attach. 2, Release and Indemnity Agreement 2, ECF No. 17-2.

Thus, the Court concludes that the declarations page, standing alone, does not create a genuine factual dispute regarding ownership of the truck. The undisputed truck ownership evidence in the present record establishes that Wallin did not have any ownership interest in the truck, did not hire the driver, and was not a partner in MTM Trans. Under these circumstances, there is no possibility that Plaintiffs can prove their negligence claims against Wallin. Accordingly, Defendants have established by clear and convincing evidence that Wallin was fraudulently joined.

For the reasons set forth above, the Court grants Defendants' motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) (ECF No. 24) and vacates its Order of January 16, 2019 (ECF No. 22). Wallin, the non-diverse defendant, is hereby dismissed, and Plaintiffs' motion to remand (ECF No. 16) is denied. The parties shall comply with the requirements of the Court's Rules 16/26 Order (ECF No. 4) and shall submit a joint proposed scheduling order by June 21, 2019.

IT IS SO ORDERED, this 17th day of May, 2019.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          CHIEF U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA