```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

A.B., et al.,                    *

    Plaintiffs,                  *

vs.                              *    CASE NO. 4:18-CV-168 (CDL)

DANIEL B. GREGORY, et al.,       *

    Defendants.                  *
```

O R D E R

Defendants removed this personal injury action to this Court in August 2018 from the Muscogee County Superior Court, where it was filed in July 2018. Now, over two years later, Plaintiffs seek to voluntarily dismiss their action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Finding that Defendants will not be legally prejudiced by Plaintiffs' decision to dismiss their action and that dismissal is otherwise proper, the Court grants Plaintiffs' motion (ECF No. 108). This dismissal renders all other pending motions moot.

DISCUSSION

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "Generally speaking, a motion for a voluntary

dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). The Court "must consider the crucial question of whether 'the defendant [would] lose any substantial right by the dismissal.'" *Id.* at 1268-69 (quoting *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam) (alteration in original)). To make this determination, the Court first examines Plaintiffs' reasons for seeking to dismiss this action.

The injured minor, A.B., has not yet fully recovered from her injuries. In fact, counsel report that A.B.'s medical condition is worsening, but she has been unable to obtain additional evaluation and treatment because of the COVID-19 global pandemic. With an evolving medical situation and a distant statute of limitations deadline, Plaintiffs' counsel have determined that the appropriate course is to dismiss this action at this time. Counsel further explain that they have another pending action in Bibb County State Court against other defendants arising from the same incident giving rise to this action. They intend to consolidate the claims asserted in this action with that action. Because the Bibb County proceedings are at an earlier stage, they believe they

will be able to obtain follow up medical evaluation and treatment for A.B. without seriously impeding the progress of that action.

Plaintiffs offer a rational basis for seeking to dismiss this action.  But that does not end the inquiry.  The key question is whether dismissal will cause clear legal prejudice to Defendants.  While the delay in seeking dismissal is curious, the Court finds that granting this tardy motion for dismissal without prejudice will not result in *clear legal prejudice* to Defendants.

Defendants argue that they will suffer prejudice because they will be subjected to suit in the state court action and will not be able to remove that action to federal court due to a lack of complete diversity of citizenship in that action.  Defendants' argument for engrafting a "continual federal forum right" into the removal statute is unpersuasive.  The removal statute that authorizes jurisdiction in federal court when complete diversity of citizenship exists among the parties and the jurisdictional amount is met does not create a corresponding right for a defendant to avoid dismissal of the action by the plaintiff without prejudice once the action is properly removed.  The removal right simply allows a defendant to transfer the action to federal court when the removal requirements are satisfied.  The Court is unaware of any binding precedent that recognizes a right to avoid dismissal without prejudice simply because the action was properly removed to federal court.  To the contrary, binding precedent does

3

establish that the prospect of facing litigation in a state forum among non-diverse parties does not subject a defendant to clear legal prejudice even if the plaintiff obtains some tactical advantage. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) ("[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation.") (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) (alteration in original)). To hold that once an action is removed to federal court, the plaintiff is stuck with either pursuing the claim to final judgment or dismissing the action *with prejudice* would be plowing new ground in this Circuit, something this Court is unwilling to do, particularly given the unpersuasiveness of the argument for doing so.

Defendants also argue that they will be prejudiced because they have expended considerable resources in this action, which has been pending since 2018. Concerns about litigation duplication and associated expenses are generally legitimate, but they are overstated here. Defendants have suggested no reason why the state court judge cannot consider what has occurred in this action and take appropriate measures to avoid duplication. As to any rulings that this Court has made, which may be revisited in the state court action, presumably the state court judge will follow the law. Quite frankly, the state court judge, along with any state

appellate judges called upon to address an appeal, may be in a better position to apply Georgia law than a federal judge. The possibility that the state court judges may reach a different conclusion than the undersigned does not constitute clear legal prejudice.[1]

In addition to their clear legal prejudice argument, Defendants contend that Plaintiffs' delay in bringing this motion demonstrates bad faith. Bad faith is a relevant consideration in deciding whether a dismissal should be without prejudice. *See Arias*, 776 F.3d at 1272 (bad faith of plaintiff's counsel is a relevant consideration); *see also Goodwin*, 757 F.3d at 1219. The Court finds, however, that Plaintiffs' delay in moving to dismiss does not constitute bad faith here. The Court instead finds that Plaintiffs' stated reasons for seeking dismissal at this time are reasonable and appropriate, and that delay alone does not warrant a finding of bad faith that would prohibit this dismissal. *See Pontenberg*, 252 F.3d at 1257-58 (explaining that the district court did not abuse its discretion in granting plaintiff's motion to dismiss even though her case was at the summary judgment stage and her lawyer failed to comply with expert disclosure requirements).

---

[1] As to Defendants' suggestion that Plaintiffs would prefer to have another judge preside over this action, such preference is as irrelevant to the legal prejudice analysis as it is to whether it hurts the undersigned's feelings.

As explained in the preceding discussion, dismissal of this action without prejudice, which is being sought by Plaintiffs in good faith, will not cause Defendants clear legal prejudice. But the Court nevertheless considers whether conditions should be imposed upon the dismissal. Having fully considered Defendants' requests for conditions, the Court finds them unnecessary and inappropriate under the circumstances presented here.

CONCLUSION

Defendants will not suffer clear legal prejudice from the dismissal of this action; nor have Plaintiffs engaged in bad faith in bringing this motion. Finding dismissal without prejudice proper under the circumstances, the Court grants Plaintiffs' motion (ECF No. 108). This dismissal renders all other pending motions (ECF Nos. 107 and 116) moot.

IT IS SO ORDERED, this 30th day of December, 2020.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA